[Filed March 18, 1885.]

# IN RE LEONARD'S APPLICATION TO BE ADMITTED AS AN ATTORNEY.

ATTORNIES—ADMISSION OF WOMEN TO PRACTICE.—Under existing laws, courts of this State have no power to license women to practice law.

*E. B. Watson,* for the Motion.

PER CURIAM.— A motion has been made and submitted herein for the admission of Mary A. Leonard as a member of the bar of this court, founded upon certificate of her admission to the Supreme Court of Washington Territory. The statute of this State, applicable to the admission of attorneys, provides that "an applicant for admission as an attorney must apply to the Supreme Court, and must show, (1) that he is a citizen of the United States and of this State, and of the age of twenty-one years, which proof may be made by his own affidavit; (2) that he is a person of good moral character, which may be proved by any evidence satisfactory to the court; (3) that he has the requisite learning and ability, which must be shown by the examination of the applicant by the judges, or under their direction, in open court, at the term at which the application is made. (Code, § 1003.) There is no provision for the admission to the court upon a certificate of admission as attorney to the courts of another State or country, except as provided in section 1005 of the Code, which reads as follows : —

"Whenever it appears that a person of any other State or country is an attorney of the highest court of record of such State or country, he may appear as counsel for a party in a particular action, suit, or before a judicial officer of this State, but not otherwise.".

Yet the courts, both Supreme and Circuit, have followed the practice of admitting attorneys upon certificate of admission to the courts of other States, Territories, and foreign countries, without examination, and in many instances, without proof of good moral character. Such practice is authorized by the rules of this court, but is not sanctioned by any statute of the State, and has been tolerated by an exuberance of liberality exercised

by the bench and bar. It is doubtful, indeed, whether the courts ought to exhibit such extraordinary comity, and whether it does not contravene the policy of the State; but it is difficult for lawyers to be illiberal in such matters, and a very questionable practice has grown up in consequence.

The application in this case is somewhat unusual. The applicant has produced a certificate of admission to the courts of Washington Territory, which, under the practice referred to, would ordinarily be regarded as sufficient to entitle a person to admission as an attorney. But the applicant being a woman, the court is in doubt whether it has the right to admit her. The question is not free from embarrassment, and the court would gladly avoid the responsibility of determining it. Courts, however, have no discretion in such cases. They are compelled to follow precedents, as they are evidence of what is law. In a very able opinion delivered by the late chief justice of the Supreme Judicial Court of the State of Massachusetts, now an associate justice of the Supreme Court of the United States, it was held that an unmarried woman was not entitled, under the then existing laws of the commonwealth, to be examined for admission as an attorney and counselor of that court. (*Case of Lelia J. Robinson*, 131 Mass. 376.) The learned judge in that case gave the subject a very thorough examination, cited a great number of authorities, and arrived at the conclusion stated. Upon a reference to those statutes it will be found that they do not materially differ from ours in regard to the civil and political status of women, and consequently the authority is directly in point. It follows, therefore, that the same construction of the latter statutes would render women ineligible to become attorneys in this State. If that view be correct, this court would not be justified in admitting a woman as an attorney upon a certificate of admission to the courts of another State or country. This is the first application of the kind in this State that the court has any cognizance of, and it is very generally understood that women are disqualified from holding such positions. The legislative assembly has not manifested any intention by any act it has adopted to confer such a right upon them, and it

would be highly improper for the courts of the State to take the initiative in so important a movement. Their province is to follow, and not to attempt to go in advance of, legislative action in such affairs. Whenever the latter authority adopts an enabling act empowering the courts to admit women to the bar, or confers upon that sex other rights, it will be the duty of the former to exercise the power granted, and maintain the rights conferred.

The court is of opinion that it has no authority under the existing laws of this State to admit women as attorneys of this court, and the application is therefore denied.